The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| TERESA LYNN ROBERTS, | ) CASE NO. 07-62780 |
| Debtor. | ) |
| | ) ADV. NO. 08-6103 |
| ANTHONY J. DEGIROLAMO, | ) JUDGE RUSS KENDIG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NOT INTENDED FOR PUBLICATION)** |
| COUNTRYWIDE HOME LOANS, INC., | ) |
| Defendant. | ) |

Now before the Court is Plaintiff's Motion for Summary Judgment, filed by Anthony J. DeGirolamo, the chapter 7 trustee in the bankruptcy case under which this adversary arises. Plaintiff filed his motion on February 13, 2009, seeking to avoid the mortgage lien of Defendant Countrywide Home Loans, Inc. on Debtor's primary residence due to a defective acknowledgement of said mortgage. Defendant filed a response on April 20, 2009. Plaintiff filed a reply on April 27, 2009. For the reasons set forth below, the Court grants Plaintiff's motion.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Teresa Lynn Roberts, the debtor in the chapter 7 proceeding under which this case arises ("Roberts" or "Debtor") signed a mortgage in favor of America's Wholesale Lender on October 15, 2004. Each page of the mortgage bears a blank for Debtor's initials, and those initials are present. Attached to the mortgage is a certificate of acknowledgment signed by Diallo K. Sewell, a notary public. The acknowledgment contains a field that should contain the name of the person whose signature upon the preceding mortgage is being acknowledged; this field remains blank. However, the same line in the lower right that appears on every page of the mortgage also appears on the acknowledgment as well, and similarly bears Debtor's initials.

The mortgage was assigned to Countrywide Home Loans, Inc., the defendant in the instant adversary proceeding ("Countrywide" or "Defendant"), on July 21, 2008.

On September 18, 2007, Debtor filed for protection under chapter 7 of the Bankruptcy Code. Anthony J. DeGirolamo, now the plaintiff in this adversary proceeding, was appointed statutory trustee ("Plaintiff" or "Trustee"). Debtor scheduled the real property at issue in this adversary as a real property asset of her estate on her Schedule A. She also scheduled the mortgage in favor of Countrywide Home Loans on her Schedule D.[1]

On September 5, 2008, Plaintiff filed the instant adversary proceeding, seeking to avoid Countrywide's lien on the property, to the benefit of Debtor's unsecured creditors. He filed the instant motion for summary judgment on February 13, 2009, arguing that the acknowledgment of the mortgage is defective, that the mortgage was therefore never entitled to be recorded, and that Trustee's title to the property is superior to Countrywide's, due to Trustee's powers under the federal strong arm statute.

Defendant filed a response on April 20, 2009, arguing that, notwithstanding the defect, the law only requires "substantial compliance" with the statutory formalities, and that Defendant meets this standard. In addition, Defendant argues that it has at least an equitable interest in the real estate even if it lacks a legal security interest therein, based on more general contract principles and Ohio state caselaw related to contracts indicating an intention to grant a security interest in property.

Plaintiff filed a reply on April 27, 2009. With respect to the acknowledgment, Plaintiff simply restates and reemphasizes the fact that the field that should contain Debtor's name is blank. With respect to Defendant's equitable-lien argument, Plaintiff argues that such liens are neither

---

[1] This notwithstanding the fact that the assignment from America's Wholesale Lender to Countrywide had not yet taken place.

2

automatic nor favored in bankruptcy, and that equity does not weigh in favor of supporting a creditor that failed to protect its own interests when it had the opportunity to do so.

## LEGAL ANALYSIS

### I. Standard of Review

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### II. Statutory Formalities for Mortgages Under Ohio Law

This Court recently decided a case with material facts identical to those now before it. See Mason v. Del Simones (In re Del Simones), Adv. No. 08-6089 (Bankr. N.D. Ohio April 10, 2009) (Kendig, J.) (unpublished). For the reasons set forth in Part III of that opinion, the Court holds that the mortgage at issue in the instant case was defectively executed. It therefore provides neither actual nor constructive notice to a trustee in bankruptcy and provides inferior title to a trustee duly wielding his powers under the federal strong-arm statute.

### III. Equitable Lien

Defendant also argues that, regardless of the status of its legal interest in the property, that it also had an equitable interest in the property, based on the fact that it has a signed contract expressing an intent that the subject property serve as security for the payment of a debt. Defendant cites Syring v. Sartorious, 277 N.E.2d 457 (Ohio Ct. App. 1971) and Cotterell v. Long, 20 Ohio 464 (1851) in support of its position, both of which do support the proposition that Defendant holds

3

equitable liens in the property even if it failed to execute its mortgage properly. However, neither of these cases involved federal bankruptcy law or the interaction between the state common law doctrine of equitable liens and the federal strong-arm statute. In that context, another bankruptcy court in this district has held that even if an improperly executed mortgage still gives rise to an equitable lien in favor of the lender (which that holding did not expressly decide, and nor does this one), that interest is insufficient to negate the avoiding powers of a trustee under 11 U.S.C. § 544(a)(3). Hunter v. Bank of New York (In re Anderson), 266 B.R. 128, 136-37 (Bankr. N.D. Ohio 2001) (Speer, J.). This Court agrees, for the same reasons elucidated at length in that opinion.

## IV. Conclusion

Thus, as in Del Simones, the Court finds that the execution of the mortgage was defective, and the trustee therefore holds superior title to the subject property than Countrywide, by dint of the former's status as a hypothetical *bona fide* purchaser. An order consistent with this opinion will be entered contemporaneously.

# # #

## Service List:

John J Rutter
Roetzel & Andress, LPA
222 S. Main Street
Akron, OH 44308

Amelia A Bower
Plunkett & Cooney
300 E Broad St
#590
Columbus, OH 43215

Anthony J. DeGirolamo
Courtyard Centre
Suite 625
116 Cleveland Avenue NW
Canton, OH 44702